# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )
         v.                  )        ID No. 1408017638
                             )
JERMAINE BOOKER,             )
                             )
         Defendant.          )

## ORDER

This is the Court's Order denying a successive motion filed under D.R.Crim.P. Rule 61.

1.      Defendant was convicted after a jury trial of a brutal assault on a woman in her home when she returned from a morning jog. He was sentenced to a substantial term in jail in 2016.

2.      The Supreme Court affirmed the convictions and sentence in 2017.

3.      In October, 2017, Booker filed a *pro se* motion for relief under Rule 61. The Court ordered the appointment of counsel.  The Court requested that appointed counsel file an amended motion under Rule 61 if the matter was going to proceed. After multiple extensions were granted to appointed counsel, appointed counsel moved to withdraw from representation in February, 2019.  Booker was invited to

file any supplemental pleadings he wished in response to conflict counsel's motion to withdraw. Booker did so.

4. In July, 2019, this Court issued its Opinion denying Rule 61 relief and granting conflict counsel's motion to withdraw. The Defendant appealed.

5. In March, 2020, the Delaware Supreme Court affirmed Superior Court's denial of relief under Rule 61.

6. In November, 2023, Defendant filed this, his second motion for relief under Rule 61.

7. Successive motions under Rule 61 are governed by Rule 61(d)(2), which provides that:

> A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

8. This iteration of Booker's complaints is limited to an allegation that the jury was not queried specifically on whether they held any racial animus toward the Defendant. It is not a claim of "actual innocence" under Rule 61(d)(2)(i) nor does

Defendant cite to any new rule of constitutional law made retroactive to cases on collateral review by any appellate Court under Rule 61(d)(2)(ii). The motion thus meets none of the criteria for successive motion review and will therefore be **SUMMARILY DISMISSED**.

   **IT IS SO ORDERED** this 1st day of February, 2024.


        /s/ Charles E. Butler   
        Charles E. Butler, Resident Judge



cc:  Prothonotary
   Abigail E. Rodgers, Deputy Attorney General
   Jermaine Booker (SBI # 00548976)